Edith G. GEORGI, Appellant,

v.

**FIRST NATIONAL BANK OF LOUISVILLE, Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1977.

Robert J. Jones, Jones & Celebrezze, Louisville, for appellant.

Elmer E. Morgan, Morgan & Pottinger, Louisville, for appellee.

Before MARTIN, C. J., and COOPER and HOWARD, JJ.

COOPER, Judge.

This is an appeal from a Summary Judgment dismissing the complaint of the appellant and granting the appellee the right to sell certain collateral in its possession as security for a debt.

On or about May 24, 1971, the appellant, Edith G. Georgi, and Robert T. Georgi, now deceased, executed a ninety (90) day note to the appellee, First National Bank of Louisville, in the amount of $7,000. They pledged as collateral for said loan sixty (60) shares of Xerox stock in the individual name of Edith G. Georgi, and eighty (80) shares of International Telephone and Telegraph stock registered in their joint names.

In August of 1971, $1,500 was paid and a renewal note in the amount of $5,500 was executed by Robert T. Georgi, individually. The facts are not clear as to why appellant was not made a party to the renewal note, or whether she signed any renewal notes.

On July 9, 1973, Robert T. Georgi passed away. The appellant, Edith G. Georgi, filed suit for the return of her stock, and that she be discharged from further liability on any indebtedness. The trial court held that the stock secured the debt and dismissed the complaint.

The only appealable issue to be considered by this Court is:

WHETHER THE EXECUTION OF A RENEWAL OR SUBSEQUENT NOTE BY ONE OF THE ORIGINAL OBLIGORS FOR SAME DEBT RELEASES THE COLLATERAL WHICH IS PLEDGED FOR THE DEBT.

Kentucky adheres to the general rule as outlined in 11 Am.Jur.2d *Bills and Notes,* Section 307, page 333, which states in part:

. . . Where a note is given merely in renewal for another note and not in payment, the renewal does not extinguish the original debt or in any way change the debt except for postponing the time of payment, even though the first note was surrendered.

A very similar case to the one at bar is that of *Amlung v. First National Lincoln Bank of Louisville,* Ky., 411 S.W.2d 465 (1967). There, a husband and wife signed a note and pledged her individual property. Later, additional amounts were loaned to the husband for which he signed notes without her signature. Renewals were made to the husband who forged his wife's name on the notes and on a new hypothecation agreement. The original hypothecation agreement authorizes the lending of additional amounts to the husband. The wife sued to recover the collateral. The court held that the bank was entitled to hold the collateral and sell it in satisfaction of the debt which was in existence and for which the wife had pledged her stock. In the instant case, the appellant signed each certificate of stock and delivered them to the bank for the sole purpose of securing the debt as long as it existed.

We have examined the record in this case, and have determined that the trial court was correct in granting a Summary Judgment to the appellee in this matter.

The judgment is affirmed.

All concur.